IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HERBERT M. VAUGHN,

    Petitioner,                    No. CIV S-08-1230 MCE DAD P

    vs.

D.K. SISTO, et al.,

    Respondents.            ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. On January 21, 2009, before an answer was required by the court, petitioner filed a request for leave to amend his petition and a request for a stay and abeyance.

        The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). However, an amended or supplemental petition supersedes the original petition. Once an amended pleading is filed, the original pleading no longer serves any function in the case. Id.; see also E.D. Cal. Local Rule 15-220. Therefore, petitioner's request will be granted. Petitioner is cautioned that the amended petition must be complete in itself. Petitioner may not refer to the petition or exhibits that were previously filed.

1

The court will require petitioner to use the form petition provided by the court. Petitioner must answer each question in the form petition. This requirement is not satisfied by petitioner's reference to an attached document, memorandum or exhibit. Petitioner is also advised that a legal brief is not required at this stage of the proceedings. Petitioner need only provide the constitutional grounds for relief and briefly state the facts supporting each ground.

Petitioner also requests a stay and abeyance. The Supreme Court has affirmed the district court's discretion to stay a federal habeas proceeding to allow the petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition. Rhines v. Weber, 544 U.S. 269, 277 (2005). See Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal petitions pending exhaustion of other claims); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998) (recognizing the district court's authority to allow a petitioner to amend a mixed petition to delete unexhausted claims and hold the fully exhausted petition in abeyance). The Supreme Court cautioned, however, that "stay and abeyance should be available only in limited circumstances" and that a stay "is only appropriate when the district court determines there is good cause for the petitioner's failure to exhaust his claims first in state court." 544 U.S. at 277. Even if a petitioner shows good cause, the district court should not grant a stay if the claims are plainly meritless. Id. Finally, federal proceedings may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. Id. at 277-78.

Petitioner's request for a stay fails to address any of the issues set forth above. The court is unable to determine whether good cause exists for petitioner's failure to exhaust all of his claims before filing this action, whether petitioner's unexhausted claims are potentially meritorious, and whether petitioner has acted diligently. See Taylor, 134 F.3d at 987 nn.8 & 11 (failure to make a showing of diligence in pursuing additional claims may foreclose a stay). For

these reasons, petitioner's request will be denied without prejudice and petitioner may file a new motion for stay and abeyance. If petitioner decides to file a motion for a stay and abeyance, the motion must (1) show good cause for petitioner's failure to exhaust all claims prior to filing this action, (2) identify petitioner's unexhausted claims and demonstrate that each is potentially meritorious, (3) describe the status of state court proceedings on the unexhausted claims, and (4) demonstrate that petitioner has acted with diligence in pursuing additional claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's January 21, 2009 request for leave to file an amended petition (Doc. No. 6), is granted;

2. Petitioner is granted thirty days from the service of this order to file his amended petition that complies with the requirements of the Federal Rules of Civil Procedure; the amended petition must bear the docket number assigned this case and must be labeled "Amended Petition;" petitioner must use the form petition provided by the Clerk of the Court; petitioner's failure to file an amended petition in accordance with this order will result in the dismissal of this action;

3. Petitioner's January 21, 2009 request for a stay and abeyance (Doc. No. 6) is denied without prejudice;

4. Any renewed motion for a stay and abeyance shall be filed with petitioner's amended petition; and

5. The Clerk of the Court is directed to provide petitioner with the court's form petition for a writ of habeas corpus by a state prisoner.

DATED: March 9, 2009.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
vau1230.9

3