IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HERBERT M. VAUGHN,

    Petitioner,                      No. CIV S-08-1230 MCE DAD P

    vs.

D.K. SISTO, et al.,

    Respondents.                FINDINGS AND RECOMMENDATIONS

                                   /

Petitioner is a state prisoner proceeding pro se with an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is respondents' motion to dismiss the petition as untimely. Petitioner has not filed an opposition to the motion.[1]

**MOTION TO DISMISS**

In moving to dismiss the pending petition, respondent provides the following background concerning petitioner's appeals and collateral challenges in state court.

On March 19, 2001, Petitioner pled no contest to manufacturing methamphetamine and admitted two prior strike convictions. On

---

[1] After respondents filed their motion to dismiss, petitioner requested two extensions of time to file his opposition. First, on March 18, 2010, the court granted petitioner a 60-day extension of time to file his opposition to the pending motion. On June 7, 2010, the court granted petitioner another 30-day extension of time to oppose the motion to dismiss. Nonetheless, no opposition has been filed by petitioner.

1

September 26, 2001, Petitioner was sentenced to an indeterminate state prison term of 25 years to life. (Lod. Docs. 1-2.)

On May 29, 2003, the California Court of Appeal, Third Appellate District, affirmed the judgment. (Lod. Doc. 2.) Petitioner sought review in the California Supreme Court which was denied on August 13, 2003. (Lod. Docs. 3-4.)

Petitioner subsequently filed eight *pro se* state post-conviction collateral challenges with respect to the pertinent judgment:[2]

**The First Petition**:
March 27, 2003: Petition for writ of habeas corpus filed in the California Court of Appeal, Third Appellate District (Lod. Doc. 5);
May 8, 2003: Petition denied (Lod. Doc. 6);

**The Second Petition**:
May 27, 2003: Petition for writ of habeas corpus filed in the California Supreme Court (Lod. Doc. 7);
March 3, 2004: Petition denied (Lod. Doc. 8);

**The Third Petition**:
June 28, 2004: Petition for writ of habeas corpus filed in the Sutter County Superior Court (Lod. Doc. 9);
July 13, 2004: Petition denied (Lod. Doc. 10);

**The Fourth Petition**:
September 15, 2005: Petition for writ of habeas corpus filed in the California Court of Appeal, Third Appellate District (Lod. Doc. 11);
September 30, 2005: Petition denied (Lod. Doc. 12);

**The Fifth Petition**:
August 14, 2006: Petition for writ of habeas corpus filed in the California Supreme Court (Lod. Doc. 13);
March 14, 2007: Petition denied, citing *In re Robbins*, 18 Cal. 4th 770, 780 (1998); *In re Clark*, 5 Cal. 4th 750 (1993) (Lod. Doc. 14);

**The Sixth Petition**:
July 15, 2007: Petition for writ of habeas corpus filed in the Sutter County Superior Court (Lod. Doc. 15);
July 20, 2007: Petition denied, citing *In re Clark*, 5 Cal. 4th 750, 764 (1993) (Lod. Doc. 16);

/////

/////

---

[2] Unless otherwise noted, all petitions listed in this motion were given the benefit of the mailbox rule. *See* Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

**The Seventh Petition**:
August 12, 2007: Petition for writ of habeas corpus filed in the California Court of Appeal, Third Appellate District (Lod. Doc. 17);
September 6, 2007: Petition denied (Lod. Doc. 18);

**The Eighth Petition**:
October 15, 2007: Petition for writ of habeas corpus filed in the California Supreme Court (Lod. Doc. 19);
April 23, 2008: Petition denied, citing *In re Clark*, 5 Cal. 4th 750 (1993); *In re Robbins*, 18 Cal. 4th 770, 780 (1998) (Lod. Doc. 20).

(Mot. to Dismiss (MTD) at 2-3.) Petitioner's federal habeas petition was signed by him on May 28, 2008 and filed with this court on June 3, 2008.[3]

Respondents assert that the statute of limitations for the filing of a federal habeas petition in this case began to run when petitioner's judgment of conviction became final on November 11, 2003, when the ninety-days for seeking a writ of certiorari with the United States Supreme Court expired. (Id. at 4.) Thus, the statute of limitations for the filing of a federal habeas application began to run on November 12, 2003, and expired on November 11, 2004, plus any time for tolling. (Id.)

Respondents argues that there was no tolling of the federal statute of limitations based on the first state habeas petition filed by petitioner because it was filed and denied before his judgement of conviction became final and the statute of limitations commenced running. (Id. at 5.)

As to petitioner's second state habeas petition filed with the California Supreme Court, respondents argue that it resulted in the tolling of the statute of limitations for filing a federal petition only for the period from November 12, 2003, when the statute of limitations commenced running, to March 3, 2004, when that second state habeas petition was denied. (Id.)
/////

---

[3] On March 11, 2009, this court granted petitioner's request for leave to file an amended petition. (Doc. No. 7.) On April 8, 2009, petitioner filed his amended petition which is now before the court. (Doc. No. 8.)

As to the period between the denial of the second state petition by the California Supreme Court and the filing of petitioner's third state habeas petition in the Sutter County Superior Court, respondents argue that there is no tolling of the federal statute of limitations for that period because petitioner did not ascend up the state court hierarchy when he filed his third state habeas petition in the Superior Court. (Id.) In addition, respondent argues that petitioner delayed 119 days between the denial of the second state habeas petition and the filing of his third state habeas third petition. (Id. at 6.) Respondent contends that absent any justification, the delay in filing his next state habeas petition was unreasonable and therefore petitioner does not qualify for interval tolling for that period of time. (Id.)

Respondents concede that petitioner is entitled to statutory tolling for the period that petitioner's third state habeas petition was pending before the Sutter County Superior Court from June 28, 2004 when petitioner signed the petition through July 13, 2004, when relief was denied. (Id. at 6-7.)

Respondents argue that even with the benefit of statutory tolling for 113 days in connection with petitioner's second state habeas petition and 15 days of statutory tolling during the pendency of the third state habeas petition, the statute of limitations for the filing of a federal habeas petition expired on March 19, 2005. (Id. at 7.) Respondents note that petitioner did not file his federal habeas petition with this court until May 28, 2008, over three years after the statute of limitations for doing so had expired. (Id.) Accordingly, respondents argue that the petition before this court should be dismissed as time-barred. (Id.)

As to the fourth, fifth, sixth, seventh and eighth state habeas petitions filed by petitioner, respondents argue that each were filed after the statute of limitations for the filing of a federal habeas petition had expired and therefore cannot revive or extend the AEDPA statute of limitations . (Id.) Respondents also note that petitioner's fifth, sixth and eighth state habeas petitions were explicitly found untimely by the California courts. (Id.) Respondents argue that there can be no interval tolling between the denial of petitioner's third state habeas petition on

July 13, 2004, and the filing of his fourth state habeas petition on September 15, 2005, because petitioner delayed 429 days after the denial of the third petition before filing the fourth petition. (Id. at 7-8.)  Also, respondents assert, there can be no interval tolling between the denial of petitioner's fifth state habeas petition by the California Supreme Court and his filing of the sixth state habeas petition in the Sutter County Superior Court, because once again petitioner did not ascend up the state court hierarchy in connection with those petitions.  (Id. at 8.)

Lastly, respondents argue that the federal habeas petition filed by petitioner in this court in the case of Vaughn v. Haviland, Case No. CIV S-08-1749 LKK KJM, challenged a separate judgment of conviction and sentence and does not extend the statute of limitations for the filing of a federal habeas petition attacking the conviction at issue in this action.  (Id. at 8.)

### STATUTE OF LIMITATIONS UNDER THE AEDPA

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to the judgment of a state court.  28 U.S.C. § 2244(d)(1).  The period of limitation applies to all federal habeas petitions filed after the statute was enacted. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).  Because this action was commenced in 2008, the AEDPA period of limitation is applicable to the amended petition before the court.

Pursuant to 28 U.S.C. § 2244(d)(1), the one-year statute of limitations shall run from the latest of:

    (A) date on which judgment became final by the conclusion of direct review or that time period;

    (B) date on which the impediment to filing an application is removed;

    (C) date on which the constitutional right asserted was initially recognized by the Supreme Court; or

    (D) date on which the factual predicate of the claim(s) could have been discovered

/////

/////

Pursuant to 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection."

The statute of limitations is not tolled during the interval between the date on which a decision becomes final and the date on which the petitioner files his first state collateral challenge. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." See Evans v. Chavis, 546 U.S. 189, 192 (2006); Carey v. Saffold, 536 U.S. 214, 222-24 (2002).[4]

**ANALYSIS**

Pursuant to 28 U.S.C. § 2244(d)(1)(A), the statute of limitations for the filing of an application for federal habeas relief by petitioner began to run when his judgment of conviction became final on November 11, 2003. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) (holding that the period of direct review includes the 90-days a petition for a writ of certiorari with the United States Supreme Court could be filed). Respondents are correct that because petitioner filed his first state habeas petition before the statute of limitations for the filing of federal petition even began to run, it has no tolling effect on the AEDPA statute of limitations. In addition, because petitioner's second state habeas petition was filed with the California Supreme Court on May 27, 2003, before the AEDPA statute of limitations began to run on

---

[4] When a state post-conviction petition is determined to be untimely by a state court, there is no tolling of the statute of limitations under § 2244(d)(2). Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005) (citing Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005)). See also Carey, 536 U.S. at 226. However, in the absence of a clear indication that a state habeas petitions were denied as untimely, the federal courts are charged with the duty of independently determining whether petitioner filed his state habeas petitions within what California would consider a reasonable time. Chavis, 546 U.S. at 198. Thus, the California Supreme Court's denial of a petition on the merits no longer means that the petition before that court was necessarily timely for federal statute of limitations purposes .

6

November 12, 2003, tolling of the federal statute of limitations based on that filing did not commence until November 12, 2003, and continued until the second state habeas petition was denied by the California Supreme Court on March 3, 2004.  Thus, the AEDPA statute of limitations for the filing of petitioner's federal habeas application was tolled for 112 days during the time his second state habeas petition was pending before the California Supreme Court.[5]

        Petitioner is not entitle to statutory tolling for the interval between the denial of his second state habeas petition by the California Supreme Court and the filing of his third state habeas petition with the Sutter County Superior Court because in pursuing his third state habeas petition, petitioner did not go from a lower state court to a higher state court.  See Banjo v. Ayers, ___F.3d ___,___, 2010 WL 2403751, at *3 (9th Cir. June 17, 2010) ("Only the time period during which a round of habeas review is pending tolls the statute of limitations; periods between different rounds of collateral attack are not tolled."); Delhomme v. Ramirez, 340 F.3d 817, 820-21 (9th Cir. 2003) ("A round of collateral review may begin at any level or even skip levels, but if there is any gap between the completion of one round of review and the commencement of another round of state habeas review, the petitioner is not entitled to tolling during the gap."); Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (finding that petitioner "kicked off a new round of collateral review" when he filed a non-ascending petition in the Superior Court and was "no longer pursuing his application for habeas relief up the ladder of the state court system"); see also Carey v. Staffold, 536 U.S. 214, 223 (2002) (holding that an application for post conviction relief is pending during the "intervals between a lower court decision and a filing of a new petition in a higher court").

        For purposes of argument, the court will accept respondents' concession that petitioner is nonetheless entitled to statutory tolling for the period during which his third state

---

[5] Respondents assert that the statute of limitations was tolled for 113 days.  See MTD at 7.  This is a minor discrepancy which has no impact on the resolution of the pending motion.

habeas petition was pending before the Sutter County Superior Court.[6] Given that concession, petitioner was entitled at most to an additional 15 days of tolling of the AEDPA statute of limitations.

When the court adds the two interval periods for which petitioner is entitled to statutory tolling (112-days and 15-days) to the one year statute of limitations, petitioner had 492 days to file his federal habeas petition (365 days + 112 days + 15 days = 492) from the date his judgment and conviction became final. As noted above, the statute of limitations for petitioner to seek federal habeas relief with respect to the challenged judgment of conviction began to run on November 12, 2003, and expired 492 days later on March 18, 2005. However, petitioner did not file his federal habeas petition in this action until May 28, 2008, more than three years after the statute of limitations for doing so had expired. The state habeas petitions filed by petitioner after the expiration of the AEDPA statute of limitations cannot revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) ("[W]e hold that section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (holding that where petitioner filed his state post-conviction relief proceeding "after the AEDPA statute of limitations ended . . . [t]hat delay resulted in an absolute time bar . . . .") Finally, petitioner has made no argument for equitable tolling of the AEDPA statute of limitations.

Therefore, petitioner's federal habeas petition is untimely and respondents' motion to dismiss that petition should be granted.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondents' January 11, 2010 motion to dismiss (Doc. No. 15) be granted; and

---

[6] But see Banjo v. Ayers, ___F.3d ___,___, 2010 WL 2403751, at *3 (9th Cir. June 17, 2010)

      2. This action be dismissed as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 31, 2010.

/s/ Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
vaug1230.mtd